## KIMBLEY et al. v. SNYDER.

No. 20530.   Opinion Filed May 17, 1932.

Rehearing Denied June 21, 1932.

H. S. Samples and C. E. B. Cutler, for plaintiffs in error.

Hepburn & Hepburn and W. K. Snyder, for defendant in error.

HEFNER, J.   This is an action brought in the district court of Okmulgee county by Warren K. Snyder against E. W. Kimbley and W. A. George to recover the sum of $819.50, because of alleged conversion of 745 feet of 8¼ inch oil well pipe.

The defense consisted of a general denial and an affirmative plea to the effect that the pipe in question was purchased from plaintiff by H. E. Clark, an oil well driller, who thereafter, in conjunction with defendant Kimbley, drilled a well on the premises of Mrs. Kimbley. Defendant Kimbley also filed a counterclaim against plaintiff in which he claimed plaintiff owed him for certain pipe furnished by him to plaintiff. The trial was to a jury and resulted in a verdict and judgment in favor of plaintiff in the amount claimed.

Defendants have appealed and assert that the judgment is not sustained by the evidence.   Neither defendant properly challenged the sufficiency of the evidence to sustain the verdict in the trial court; they filed neither a demurrer thereto nor a request for a directed verdict.   The only manner in which this question was raised was by motion for a new trial.   It has been repeatedly held by this court that the question of the sufficiency of the evidence to sustain the verdict cannot be raised in this manner. In the absence of a demurrer to the evidence, or a motion for a directed verdict, this question is not properly before this court for review, and, under the uniform holdings of this court, we cannot consider the same.

Defendants further contend that the court erred in instructing the jury that the evidence fails to show that the pipe in question was purchased from plaintiff by Clark.   There was no error in giving this instruction.   There was a total lack of evidence tending to prove this defense.

The evidence on this question shows that plaintiff was the owner of an oil lease in

Okmulgee county and had contracted for a well to be drilled thereon. It proved to be a dry hole and was abandoned by plaintiff. Defendant George was employed by him to pull the pipe and pile it on the lease. Defendant Kimbley claimed title to the pipe and had it moved to land owned by his wife. Plaintiff thereafter ascertained that the pipe had been removed, traced it to the possession of defendant, and demanded its return, which demand was refused. Attorneys for defendant advised him that his claim of title could not be sustained. Clark then offered to purchase the pipe from plaintiff at the price of $1.10 per foot, to which price plaintiff agreed. A bill of sale was prepared by Clark and presented to plaintiff for his signature. Plaintiff refused to sign the same because it contained a clause which recited that the pipe was free of all incumbrances and liens. Clark refused to pay for the pipe. Defendant Kimbley used the pipe in drilling the well on his wife's land, and, when the well was completed, the pipe was pulled and left thereon. Defendant George at that time still claimed a lien on the pipe, and, on advice of the drilling superintendent of Clark and Kimbley, removed it to an adjoining lease in order to protect it. Plaintiff then settled with defendant George and the pipe was returned by him to the premises of Kimbley. Plaintiff never recovered the pipe, nor did he receive pay therefor from either of defendants or Clark.

This evidence is wholly insufficient to substantiate the defense that Clark purchased the pipe from plaintiff, and the court correctly so instructed the jury.

Defendants also complain of the instruction of the court in which the jury was advised that if plaintiff were the owner of the property in question, and defendants, acting together, jointly removed the same from his possession and deprived him of the use thereof and appropriated the same to their use and benefit, the verdict should be for plaintiff. The criticism made as to this instruction is that there is no evidence of a joint taking of the property, and that under no theory of the case could a verdict properly have been rendered against defendant George. As before stated, the sufficiency of the evidence to sustain the verdict was not properly challenged in the trial court. The instruction correctly states the law under the theory upon which plaintiff's case is cast. The sufficiency of the evidence to sustain the verdict cannot be raised in

this manner. There was no error in giving this instruction.

No other errors having been assigned, the judgment is affirmed.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.